UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

TRAMAINE BROWN,

Defendant.
_______________________________________/

Case No. 15-20039

Honorable John Corbett O'Meara

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

This matter came before the court on defendant Tramaine Brown's May 22, 2015 motion to suppress evidence. The government filed a response August 21, 2015. No reply was filed. Oral argument was heard September 24, 2015.

**BACKGROUND FACTS**

On June 18, 2014, Michigan Department of Corrections parole officers and members of the Detroit Police Department arrived at a residential address which was registered to defendant Tramaine Brown. Brown, who was on parole for his convictions for unarmed robbery and assault with intent to commit great bodily harm less than murder, was not at home at the time. After knocking on the door and receiving no answer, Agent Rummel looked through a window and saw what he believed to be a quantity of marijuana inside a bedroom. Rummel contacted his supervisor, who authorized the agent's entry and warrantless search of the house.

After entering the house, officers searched the northwest bedroom, where they found a stolen, semi-automatic, 9mm handgun and ammunition, court documents related to a name change for Brown, a digital scale, and a spent shell casing. On the steps leading into the basement, officers

located a Michigan ID card belonging to Brown. A search of the basement revealed 1.6 gross grams of crack cocaine and a box of sandwich bags concealed in the ceiling.

Two days later, Agent Rummel contacted Catrissa Brown, the defendant's sister, who said she owned the house but had no property there. She further informed Rummel that her brother was the only one living at the house.

Defendant Brown seeks suppression of the handgun and crack cocaine, asserting that the parole agent did not have authority to enter the home and that the items seized were not found in an area under the defendant's control.

## LAW AND ANALYSIS

Although the Fourth Amendment generally prohibits the warrantless entry of a person's home, the United States Supreme Court has held there are exceptions to this rule. In evaluating the warrantless search of a parolee, the inquiry has two parts: 1) "whether the relevant regulation or statute pursuant to which the search was conducted satisfies the Fourth Amendment's reasonableness requirement," and 2) whether "the facts of the search itself satisfy the regulation or statute at issue." United States v. Loney, 331 F.3d 516, 520 (6th Cir. 2003).

The officers search parolee Brown's residence pursuant to Michigan Administrative Code Rule 791.7735, which provides that "[a] parole agent may conduct a warrantless search of a parolee's ... property [in order to seize] evidence or contraband in plain view" . . . or where ". . . there is reasonable cause to believe that a violation of parole exists . . . [and] the parole agent files a written report with his . . . supervisor." Gov't. Ex. 1; Rule 791.7735 (1)(c) and (2).

The United States Court of Appeals for the Sixth Circuit has previously found that this Michigan regulation survives "Fourth Amendment scrutiny [because] it authorizes searches of

parolees based on a reasonable suspicion that an individual is violating the terms or conditions of parole." United States v. O'Connor, 2007 WL 4126357, at *3 (6th Cir. Nov. 20, 2007) (quoting Loney, 331 F.3d at 520-21).

After determining that a state regulation is valid, the court must then make "a determination of whether the search complied with the applicable provision." Loney, 331 F.3d at 520. Agent Rummel's identification of marijuana through an open, bedroom window, in plain view, gave reasonable cause to believe defendant Brown had violated the law and his parole by possessing illegal drugs. The warrantless search also fulfilled two requirements of the Michigan regulation authorizing a search of property based on the "[s]eizure of evidence or contraband in plain view" or the agent's "reasonable cause to believe that a violation of parole exists." Therefore, the search of defendant Brown's house satisfied the reasonable suspicion standard and complied with the applicable regulation.

Defendant Brown also argues that the crack cocaine and semi-automatic handgun should be suppressed because they were found in an area outside his control. However, Brown's sister has stated that Brown was the sole occupant of the house. Even if this were not true, Defendant's assertion is not a basis for suppressing the evidence. It is well-settled that a parolee has a diminished expectation of privacy in his home. Morrissey v. Brewer, 408 U.S. 471, 477 (1972). This reduced protection under the Fourth Amendment would not afford him a greater expectation of privacy in areas of the home over which he alleges he does not have control.

**ORDER**

It is hereby **ORDERED** that defendant Brown’s May 22, 2015 motion to suppress is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date: September 25, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 25, 2015, using the ECF system.

s/William Barkholz
Case Manager